**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANNETTE ALBRITTEN, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ADP, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Annette Albritten ("Plaintiff" or "Ms. Albritten"), by and through her undersigned counsel, and files this, her Complaint for Damages against ADP, INC. ("Defendant" or "ADP"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorneys' fees for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 261(b).

3.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is a Foreign Profit Corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

7.

At all such times, Plaintiff was also an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## **ADMINISTRATIVE PROCEDURES**

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 23, 2020.

10.

The EEOC issued a "Notice of Right to Sue" on June 3, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

12.

Plaintiff began working for the Defendant on or about April 18, 2016, at the ADP Alpharetta location as a COS Payroll Specialist I, at an hourly rate of $19.24.

13.

In February 2018, Plaintiff reported occurrences of harassment against a fellow co-worker by her team lead, Cristina Ferguson. Plaintiff reported the harassment to Tiffany Johnson, CPP, Manger II, Payroll Operations. Ms. Johnson told Plaintiff to report Ms. Ferguson. Plaintiff then reported Ms. Ferguson to Amy Davis, Human Resources.

14.

In June 2018, Plaintiff received a written warning regarding her performance. Plaintiff had received no prior warning during her employment.

15.

In July 2018, Plaintiff went to Amy Davis to report the harassment of Tiffany Johnson. Following her reporting the harassment, Tiffany Johnson began

picking on her, humiliating her in front of co-workers, and giving her more work than the other co-workers.

16.

Amy Davis told Plaintiff that she was being retaliated against by Tiffany Johnson.

17.

Plaintiff was out of work for the month of July 2018 for surgery and treatment related to breast cancer.  During surgery tissue samples were taken for biopsy. While Plaintiff was out on medical leave Cristina Ferguson was promoted to Manager-Payroll Operations and Tiffany Johnson, Director.

18.

On September 11, 2018, Plaintiff sought treatment with Navneet Dhillon, MD, a board-certified physician in medical oncology at Georgia Cancer Specialists. Dr. Dhillon referred Plaintiff to genetic specialists and surgeon for additional evaluations and treatment due to the results of the tissue samples taken.

19.

Plaintiff requested time off for a doctor's appointment on September 28, 2018, but the appointment was not approved.

20.

Plaintiff asked Amy Davis, Human Resources, for the Certification of Health Care form for Family and Medical Leave Act, ("FMLA").  Dr. Dhillon's office completed the form and sent the completed form to ADP Leave Administration on October 30, 2018.  The certification was approved.

21.

Dr. Dhillon confirmed on the certification form that follow-up appointments or work part-time or work on a reduced scheduled may be medically necessary. The estimated treatment schedule was follow-up appointments every 3-6 months or as needed with the estimated frequency of flare-ups to be 2-3 times per week lasting 1-2 days per episode along with oral therapy and monitoring.

22.

On November 20, 2018, Plaintiff received her final written warning from Tiffany Johnson, for lack of sufficient improvements.  After receiving the final warning Plaintiff began applying for positions within ADP.

23.

In December 2018, Plaintiff applied for the position of Implementation Specialist I, to be located in Virginia. She had passed three interviews coordinated

through an ADP recruiter in VA.  The recruiter contacted Cristina Ferguson and Ms. Ferguson told the recruiter that Plaintiff was not eligible to apply for positions.

24.

On or about May 13, 2019, Plaintiff filed a complaint against her manager, Cristine Ferguson.  Ms. Ferguson was not allowing Plaintiff to take time off for appointments related to her cancer treatment.

25.

On September 13, 2019, Plaintiff sought treatment at Atlanta Hand Specialist with Amit Patel, MD with stiffness of her left hand and was diagnosed with carpal tunnel syndrome of her left upper limb.

26.

Plaintiff could have returned to work on September 13, 2019 but was not allowed to return until ADP received medical certification.  Plaintiff returned on September 20, 2019 but would need additional treatment of therapy three times per week for four weeks.

27.

The requested accommodations consisted of allowing Plaintiff to keep her regularly scheduled doctor and treatment appointments.

28.

On September 20, 2019, Defendant terminated Plaintiff's employment as involuntary.

29.

Defendant terminated Plaintiff because she had a record of disability or because it regarded her as disabled.

30.

The Defendant retaliated against Plaintiff for requesting accommodations and complaining about harassment.  The Defendant terminated her employment in violation of her rights under ADA.

## CLAIMS FOR RELIEF

### COUNT I
### DISABILITY DISCRIMINATION IN VIOLATION OF ADA

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Plaintiff has physical impairments, which limited one or more major life activities, including but not limited to seeing, hearing, speaking, learning, reading, concentrating, thinking, communicating, and working.

33.

Plaintiff's physical impairments are "disabilities" within the meaning of the ADA, as amended.

34.

Defendant was aware of Plaintiff's disabilities.

35.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

36.

Plaintiff has a record of having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

37.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

38.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

39.

Defendant terminated Plaintiff's employment shortly after Plaintiff requested an accommodation due to her disability.

40.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

41.

Defendant treated other employees outside Plaintiff's protected class differently.

42.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981A.

43.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

44.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

45.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

46.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

47.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

48.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

49.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

50.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

51.

Plaintiff has physical impairments, which limited one or more major life activities, including but not limited to seeing, hearing, speaking, learning, reading, concentrating, thinking, communicating, and working.

52.

Plaintiff's physical impairments are "disabilities" within the meaning of the ADA, as amended.

53.

Defendant was aware of Plaintiff's disabilities.

54.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

55.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

56.

Plaintiff requested that Defendant accommodate her disability by allowing her to take medical leave when necessary for treatment and medical appointments.

57.

Upon receiving Plaintiff's requests for an accommodation, Defendant failed to engage in any interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

58.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

59.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

60.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

61.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

62.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

63.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

64.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

65.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

66.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

67.

Plaintiff has physical impairments which substantially limit one or more major life activities including but not limited to concentrating, thinking and working.

68.

Plaintiff's physical impairments are "disabilities" within the meaning of the ADA, as amended.

69.

Defendant was aware of Plaintiff's disabilities

70.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

71.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

72.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

73.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

74.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

74.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

75.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

76.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

77.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

78.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

79.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

80.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**WHEREFORE**, Plaintiff judgment as follows:

(a)     A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADA;

(b)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(c)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(d)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(e)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(f)        Trial by jury as to all issues;

(g)        Prejudgment interest at the rate allowed by law; and

(h)        All other relief to which he may be entitled.

Respectfully submitted the 31st day of August, 2020.

**BARRETT & FARAHANY**

 s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Annette Albritten*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
iesmith@justiceatwork.com